Bellows *v.* Wilson.

---

SARAH BELLOWS and others

*v.*

JACOB WILSON and others.

In a suit under the *quia timet* act (*Rev. p. 1189*), the pleadings did not allege that the proceedings under which the adverse title was claimed were taken under a void law, but merely that every step of those proceedings was without warrant of law. Relief was denied on the ground that it did not appear that the complainants had not a complete and adequate remedy at law.

Bill to remove cloud from title. On general demurrer.

*Mr. B. A. Vail,* for the demurrants.

*Mr. S. D. Dillaye,* for complainant.

THE CHANCELLOR.

The bill states that the complainants are possessed of and own in fee certain land in Woodbridge township, in the county of Middlesex, and that a certain illegal certificate of sale thereof was given by the township of Woodbridge, through its officers, in June, 1877, and is now held by the defendants, Clark, Wilson and Graham, by assignment, and that the township committee of that township, in August of the same year, gave to Clark, Wilson and Graham a lease for the property for one hundred years from August 9th in that year.

It appears, by the statements of the bill, that the certificate and lease were given in pursuance of sales made for non-payment of taxes assessed on the property, and it is distinctly averred that those sales and the certificate and lease are utterly illegal. The bill states that the land was not assessed to the owners; that no tax was demanded nor any notice of any given; that in the assessment there was no description of the land which in anywise designated it; that, from the inception of the proceedings to assess the lands to the sale thereof, no single step was in compliance with the statutes relating to taxes; and the bill charges that the certificate and lease are in no way justified by the statutes, and that legally they convey no title. It also states that no suit is in progress to test the title, and it offers to pay the taxes assessed, as this court may direct.

The bill is manifestly framed under the act "to compel the determination of claims to real estate in certain cases, and to quiet the title to the same" (*Rev. p. 1189*). But it is quite clear that the case does not fall within that act as construed by the court of last resort in *Jersey City* v. *Lem-*

*beck, 4 Stew. Eq. 255.* The complainants have a complete protection at law. They do not allege that the proceedings under which the adverse title is claimed were taken under a void law, but allege that every step of the proceedings under which the tax title is claimed was without warrant of law. Nor is it even suggested that there is no adequate legal remedy, nor could such suggestion have been truly made; for the law of 1869 (*Rev. p. 1045 § 15*) provides that the proceedings on which declarations of sale of land for non-payment of tax are founded, may be reviewed, by *certiorari* or other proper proceedings, in the supreme court or circuit court at any time.

The demurrer will be allowed.